UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARISA POWELL,**<br><br>                              **Plaintiff,**<br><br>           v.<br><br>**VERIZON NEW JERSEY, INC., et al,**<br><br>                              **Defendants.** | Civ. No. 19-08418 (KM)(MAH)<br><br>**OPINION** |

**MCNULTY, U.S.D.J.:**

      Plaintiff Marisa Powell is an employee of Defendant Verizon New Jersey ("Verizon").[1] She has raised a variety of statutory and common law claims against her employer and one of her coworkers, Brendan McHale, relating to alleged discrimination on the basis of her race. I dismissed most of her claims in my prior opinion in this case, but declined to dismiss her Title VII hostile work environment claim against Verizon and her intentional infliction of emotional distress claim against McHale. (DE 43.) McHale has now been dismissed from the case (DE 102) leaving only Powell's hostile work environment claim against Verizon. Verizon now moves for summary judgment on that count, arguing, among other things, that summary judgment must be granted in its favor because Powell failed to exhaust administrative remedies. I agree, and for the reasons set forth in more detail below, Verizon's motion is **GRANTED**.

---

[1]     Citations to certain record items will be abbreviated as follows:
    DE = Docket entry number
    Am. Compl. = Amended Complaint (DE 21)
    Opp. = Powell's brief in opposition to Summary Judgment (DE 98)

1

I. **BACKGROUND**

I focus here solely on whether Powell exhausted her administrative remedies before bringing this suit. A more detailed recounting of her allegations of harassment by McHale and her contention that someone left a wire noose by her desk on February 14, 2019, can be found in my previous opinion in this case. (DE 43.)

Powell's initial complaint in this case (DE 1), filed on March 18, 2019, did not refer to any filing of a charge with the Equal Employment Opportunity Commission ("EEOC"). Verizon moved to dismiss on April 23, 2019, on the basis that Powell had not exhausted her administrative remedies. (DE 14.) Powell then filed an amended complaint on June 3, 2019, which stated "Plaintiff promptly filed an EEOC complaint on February 26, 2019." (Am. Compl. ¶ 55.) It appears, however, that Powell's EEOC charge was not filed until May 30, 2019, a date well after both the filing of the initial complaint and Verizon's motion to dismiss. (DE 95-7 at 6–7.) Having received notice of the EEOC charge, Verizon informed the EEOC on June 19, 2019, that this lawsuit had already been filed and asked if it would be required to simultaneously defend both in court and at the EEOC. (*Id.* at 12.) Having learned that Powell had filed this lawsuit, the EEOC closed its investigation and issued a "Dismissal and Notice of Rights" (also known as a "Right-to-Sue Letter") to Powell on June 27, 2019. (*Id.* at 8, 11.) Now Powell claims that she *telephoned* the EEOC on February 26, 2019, though there is no call log or other evidence supporting this assertion. (DE 98-1 ¶ 11.) Regardless, it is uncontested that the charge was not filed until May 30, 2019, and that the Dismissal and Notice of Rights was not issued until June 27, 2019.

In my prior opinion, I dismissed most of Powell's claims but declined to dismiss her Title VII hostile work environment claim against Verizon and her intentional infliction of emotional distress claim against McHale. (DE 43.) McHale has been dismissed from the case (DE 102) and no John Doe has been identified, so the intentional infliction of emotional distress claim does not

2

survive in any form. That leaves only Powell's hostile work environment claim against Verizon. Verizon now moves for summary judgment on that claim, arguing that Powell failed to exhaust her administrative remedies with the EEOC before filing this action. (DE 95.) Powell filed a brief in opposition (DE 98) and Verizon filed a reply (DE 100). This motion is now fully briefed and ripe for decision.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met the threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; see also Fed. R. Civ. P. 56(c) (setting forth types of evidence on which the nonmoving party must rely to support its assertion that genuine issues of material fact exist). In deciding a motion for summary judgment, the court's role is not to evaluate and decide the truth of the matter, but to determine

whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

### III.   ANALYSIS

Verizon asserts that summary judgment should be granted as to Plaintiff's hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII") because Plaintiff has not exhausted her administrative remedies.

Before commencing a Title VII action in court, the employee must first file a charge with the EEOC. *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019). Once the EEOC has received the charge, it notifies the employer and investigates the allegations, first pursuing informal methods of resolution and then being given the option of bringing suit against the employer itself. *Id.* at 1846–47.

> In the event that the EEOC determines there is "n[o] reasonable cause to believe that the charge is true," the Commission is to dismiss the charge and notify the complainant of his or her right to sue in court. 42 U.S.C. § 2000e–5(b), f(1); 29 CFR § 1601.28. Whether or not the EEOC acts on the charge, a complainant is entitled to a "right-to-sue" notice 180 days after the charge is filed. § 2000e–5(f)(1); 29 CFR § 1601.28. And within 90 days following such notice, the complainant may commence a civil action against the allegedly offending employer. § 2000e–5(f)(1).

*Id.* at 1847.  These procedures are mandatory and must be followed before bringing a private suit. After filing the charge, and before filing suit, the complainant "must allow a minimum of 180 days for the EEOC investigation to proceed." *Burgh v. Borough Council of Borough of Montrose*, 251 F. 3d 465, 470 (3d Cir. 2001). If the EEOC decides not to pursue the matter further, it will notify the complainant, typically by

4

means of a right-to-sue letter. "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." *Id.* "A complainant *may not* bring a Title VII suit without having first received a right to sue letter." *Id.* (emphasis added).

Ordinarily, a Title VII plaintiff must file an administrative charge with the EEOC within 180 days after the last discriminatory act. 42 U.S.C. § 2000e-5(e)(1). If, however, the plaintiff first institutes proceedings with a "State or local agency with authority to grant or seek relief from such practice," that 180-day limitations period is extended to 300 days. *Id.* Any lawsuit resulting from the filing of an EEOC charge is limited to claims that are within the scope of that initial administrative charge. *Barzanty v. Verizon PA, Inc.*, 361 F App'x 411, 413-414 (3d Cir. 2010) (citing *Antol v. Perry*, 82 F. 3d 1291, 1296 (3d Cir. 1996)). Claims not reasonably within the scope of the administrative charge will not be deemed exhausted.[2]

In her amended complaint, Powell stated that she filed a claim with the EEOC on February 26, 2019. (Am. Compl. ¶ 55). Uncontested evidence, however, demonstrates that the charge was actually filed on May 30, 2019 and a Right-to-Sue Letter issued on June 27, 2019. (DE 95-7 at 6–8.) This case, however, was filed months before, on March 18, 2019. (DE 1.) It is undisputed, therefore, that Plaintiff filed a federal lawsuit well prior to being issued a Right-to-Sue Letter by the EEOC.[3] As the Supreme Court has plainly stated, a plaintiff may not bring a Title VII action prior to receiving a Right-to-Sue Letter. This fact alone means that Plaintiff has failed to exhaust her administrative remedies and cannot therefore access federal courts to adjudicate her claim.[4]

---

2   The exhaustion requirement and the statute of limitations requirement are, of course, interrelated. If a claim has not been filed at all, then it has not been filed timely.

3   And, in fact, before even having filed her charge with the EEOC.
4   I reached a similar conclusion on nearly identical facts in *Williams v. Verizon New Jersey, Inc.*, No. CV21909350KMSCM, 2020 WL 6281680, at *6 (D.N.J. Oct. 27, 2020) a case brought at roughly the same time as this one by Powell's same attorney.

In her brief in opposition, Powell cites outdated case law in an attempt to argue that "failure to obtain a Right-to-Sue Letter is a curable defect. (Opp. at 3–6 (citing, e.g., *Tlush v. Manufacturers Resource Center*, 315 F. Supp. 2d 650 (E.D.Pa. 2002); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982); *Gooding v. Warner-Lambert Co.*, 744 F.2d 354 (3d Cir. 1984)).) Powell, however, does not discuss the leading case on the matter, *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019), which states unambiguously that receiving a Right-to-Sue Letter from the EEOC is a mandatory prerequisite to filing a Title VII suit in federal court. *Fort Bend County* also held that receiving a Right-to-Sue Letter, though mandatory, is not jurisdictional. It is thus possible for a case to go forward despite the plaintiff's failure to receive a Right-to-Sue Letter if, for example, a defendant waives the defense by failing to raise it.[5] 139 S. Ct. at 1849.

Powell puts forward two additional arguments, both of which fail to overcome *Fort Bend County*'s clear rule. First, she argues that receiving the June 27, 2019, Right-to-Sue Letter cured her failure to obtain such a letter before filing this lawsuit because it expressly granted Powell her right to sue. (Opp. at 6.) This argument misses the mark, because the law is that it is necessary to receive a Right-to-Sue Letter *before* suing, so that the EEOC is given the opportunity to investigate and attempt conciliation before a lawsuit is filed. *See Fort Bend County*, 139 S. Ct. at 1847. The fact that a Letter was issued *after* Powell had already sued does not eliminate this mandatory prerequisite.[6] Powell also claims, confusingly, that Verizon somehow kept the

---

[5]  Here, there is no claim that Verizon waived the defense by failing to raise it. The Supreme Court has "reserved whether mandatory claim-processing rules may [ever] be subject to equitable exceptions." *Fort Bend County*, 139 S. Ct. at 1849 n.5. Here, I assume without deciding that there may be equitable exceptions to the mandatory Right-to-Sue Letter requirement.

[6]  The Letter is clearly forward looking. It states, "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court" and notes that the lawsuit must be filed "**WITHIN 90 DAYS.**" (DE 95-7 at 8.) Powell, of course, did not file this lawsuit within 90 days of receiving the letter because she had filed it months earlier.

6

Right-to-Sue Letter from her. (*Id.*) It is unclear why Powell would not have received the June 27 Letter, which was addressed to her. (In any event, it is before the Court; Verizon included the Letter as an exhibit to its reply brief in support of its motion to dismiss the Amended Complaint, filed on August 12, 2019. (DE 42-3 at 7.)) None of this affects the reality that Powell did not file her administrative complaint until after she filed suit, and that the Right-to-Sue Letter did not exist when Powell filed suit, so it is unclear how Verizon allegedly withholding the letter from her could have prejudiced her position on the exhaustion issue.

Next, Powell argues that she was unable to receive her Right-to-Sue Letter because Verizon had already caused the closure of the EEOC's complaint. (Opp. at 7.) Although such an argument has the potential to raise an equitable exception to the requirement that a plaintiff obtain a Right-to-Sue Letter from the EEOC—for example, if Verizon had somehow prevented her from obtaining a Right-to-Sue Letter through inequitable conduct—here it merely reveals a lack of familiarity with how EEOC investigations function. Powell asserts that Verizon did something underhanded by informing the EEOC that Powell had filed this lawsuit. (Opp. at 8.) That assertion fails. It is entirely appropriate for Verizon to inform the EEOC that this lawsuit had been filed, and it was only Verizon's communication with the EEOC that led to the belated Right-to-Sue Letter being issued at all.[7] Verizon did nothing to prevent Powell from obtaining the Right-to-Sue Letter before filing this lawsuit and without any evidence of inequitable conduct by Verizon I cannot make an equitable exception to the requirement.

To summarize: before filing a Title VII lawsuit, a plaintiff is required to file an administrative charge with the EEOC within 180 days of the alleged discriminatory act. The plaintiff must then wait for the EEOC to issue a Right-to-Sue Letter or for 180 days to pass without action from the EEOC. Only then

---

[7] To be clear, the "Dismissal and Notice of Rights" and the "Right-to-Sue Letter" are the same thing.

can the plaintiff file a Title VII case in court. Here, Powell filed this lawsuit 34 days after the noose was found. At the time she filed this lawsuit, she had not filed an administrative charge with the EEOC, let alone received the mandatory Right-to-Sue Letter. Because of these failures, I must GRANT Verizon's motion for summary judgment without reaching the merits of Powell's claims.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Verizon's motion for summary judgment (DE 95) is **GRANTED**.

Dated:  June 17, 2022

/s/ Kevin McNulty

_____

**HON. KEVIN MCNULTY, U.S.D.J.**